APPEAL,JAWRECUSED,STANDARD

# U.S. District Court
# District of Maine (Portland)
# CIVIL DOCKET FOR CASE #: 2:25–cv–00600–LEW

AMERICAN HOSPITAL ASSOCIATION et al v. KENNEDY et al
Assigned to: JUDGE LANCE E. WALKER
Referred to: MAGISTRATE JUDGE KAREN FRINK WOLF
Cause: 05:702 Administrative Procedure Act

Date Filed: 12/01/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**MAINE HOSPITAL ASSOCIATION**    represented by **JENIFER N. HARTLEY**
DUNN ISAACSON RHEE LLP
401 9TH STREET NW
WASHINGTON, DC 20004
202–240–2922
Email: jhartley@dirllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KAREN L. DUNN**
DUNN ISAACSON RHEE LLP
401 9TH STREET, NW
WASHINGTON, DC 20004
202–240–2900
Email: kdunn@dirllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LAWRENCE ATKINSON**
DUNN ISAACSON RHEE LLP
401 9TH STREET NW
401 9th St. N.W.
WASHINGTON, DC 20004
202–240–2900
Email: ratkinson@dirllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LYLE GRUBY**
DUNN ISAACSON RHEE LLP
401 9TH STREET NW
WASHINGTON, DC 20004
903–746–3513
Email: lgruby@dirllp.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
DRUMMOND WOODSUM &
MACMAHON
84 MARGINAL WAY
SUITE 600
PORTLAND, ME 04101
207–772–1941
Email: mhewey@dwmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TYLER THOMAS MIKULIS**
DUNN ISAACSON RHEE LLP
401 9TH STREET NW
WASHINGTON, DC 20004
202–240–2900
Email: tmikulis@dirllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JENNIFER RIGGLE**
DRUMMOND WOODSUM
84 MARGINAL WAY
SUITE 600
PORTLAND, ME 04101–2480
207–776–1073
Email: jriggle@dwmlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ST MARY'S REGIONAL MEDICAL
CENTER**

represented by **JENIFER N. HARTLEY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KAREN L. DUNN**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LAWRENCE ATKINSON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LYLE GRUBY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TYLER THOMAS MIKULIS**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JENNIFER RIGGLE**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**NATHAN LITTAUER HOSPITAL &**
**NURSING HOME**

represented by **JENIFER N. HARTLEY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KAREN L. DUNN**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LAWRENCE ATKINSON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LYLE GRUBY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TYLER THOMAS MIKULIS**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JENNIFER RIGGLE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNITY MEDICAL CENTER**                 represented by     **JENIFER N. HARTLEY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KAREN L. DUNN**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LAWRENCE ATKINSON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LYLE GRUBY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TYLER THOMAS MIKULIS**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JENNIFER RIGGLE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DALLAS COUNTY MEDICAL CENTER**

represented by **JENIFER N. HARTLEY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KAREN L. DUNN**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LAWRENCE ATKINSON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LYLE GRUBY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TYLER THOMAS MIKULIS**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JENNIFER RIGGLE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMERICAN HOSPITAL ASSOCIATION**

represented by **JENIFER N. HARTLEY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KAREN L. DUNN**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LAWRENCE ATKINSON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**LYLE GRUBY**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TYLER THOMAS MIKULIS**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JENNIFER RIGGLE**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ROBERT F KENNEDY, JR**
*Secretary of the US Department of Health and Human Services*

represented by **ELISABETH NEYLAN**
DOJ–CIV
1100 L STREET NW
WASHINGTON, DC 20005
908–447–7581
Email: elisabeth.j.neylan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS J ENGELS**
*Administrator Health Resources and Services Administration*

represented by **ELISABETH NEYLAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HEALTH RESOURCES AND SERVICES ADMINISTRATION**

represented by **ELISABETH NEYLAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

| | | |
|---|---|---|
| **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES** | | **ELISABETH NEYLAN** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | represented by | **ELISABETH NEYLAN** (See above for address) *ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **PHARMACYCLICS LLC** | represented by | **JAY S. GELLER** LAW OFFICE OF JAY S. GELLER LUNT PROFESSIONAL BUILDING 74 LUNT ROAD SUITE 206 FALMOUTH, ME 04105 207–899–1477 Email: jgeller@jaysgellerlaw.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **MATTHEW SCOTT OWEN** KIRKLAND & ELLIS LLP 1301 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 202–389–5943 Email: matt.owen@kirkland.com *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **MEREDITH M. POHL** KIRKLAND & ELLIS LLP 1301 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 202–389–3185 Email: meredith.pohl@kirkland.com *LEAD ATTORNEY* *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **NICK BELL** KIRKLAND & ELLIS LLP 1301 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 202–389–3504 Email: nick.bell@kirkland.com *ATTORNEY TO BE NOTICED* |

**Amicus**

| | |
|---|---|
| **340B HEALTH** | represented by |

**ALYSSA HOWARD**
ZUCKERMAN SPAEDER LLP
2100 L STREET NW
SUITE 400
WASHINGTON, DC 20037–1525
202–778–1800
Email: ahoward@zuckerman.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**EDWARD S. MACCOLL**
THOMPSON, MACCOLL & BASS LLC,
P.A.
15 MONUMENT SQUARE, 4TH FLOOR
P.O. BOX 447
PORTLAND, ME 04112
207–774–7600
Email: emaccoll@thomport.com
*ATTORNEY TO BE NOTICED*

**WILLIAM B. SCHULTZ**
ZUCKERMAN SPAEDER LLP
2100 L STREET NW
SUITE 400
WASHINGTON, DC 20037–1525
202–778–1800
Fax: 202–822–8106
Email: wschultz@zuckerman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICA'S ESSENTIAL
HOSPITALS**                         represented by  **ALYSSA HOWARD**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**EDWARD S. MACCOLL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**WILLIAM B. SCHULTZ**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**ASTRAZENECA
PHARMACEUTICALS LP**                represented by  **ALLON KEDEM**
ARNOLD & PORTER KAYE SCHOLER

LLP
601 MASSACHUSETTS AVE NW
WASHINTON, DC 20001
202–942–6234
Email: allon.kedem@arnoldporter.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JEFFREY D. TALBERT**
ARNOLD & PORTER KAYE SCHOLER
LLP
OONE GATEWAY CENTER
SUITE 1025
NEWARK, NJ 07102–5322
973–776–1900
Fax: 973–776–1919
Email: jeff.talbert@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JEFFREY L. HANDWERKER**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 MASSACHUSETTS AVE NW
WASHINTON, DC 20001
202–942–5000
Email: jeffrey.handwerker@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA**          represented by          **CORIN R. SWIFT**
SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
212–839–5381
Fax: 212–839–5599
Email: corin.swift@sidley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL L. ROSENTHAL**
MARCUS CLEGG
16 MIDDLE STREET
UNIT 501
PORTLAND, ME 04101–5166
207–828–8000
Email: drosenthal@mcm–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KWAKU A. AKOWUAH**
SIDLEY AUSTIN LLP
1501 K STREET, NW
WASHINGTON, DC 20005
202–736–8000
Email: kakowuah@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MADELEINE A. JOSEPH**
SIDLEY AUSTIN LLP
1501 K STREET, NW
WASHINGTON, DC 20005
202–736–8071
Email: mjoseph@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MEENAKSHI A DATTA**
SIDLEY AUSTIN LLP
1501 K ST NW
WASHINGTON, DC 20005
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**THOMAS ROSS BRUGATO**
COVINGTON & BURLING LLP
ONE CITY CENTER
850 TENTH STREET NW
WASHINGTON, DC 20001
202–662–5515
Email: tbrugato@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**BOEHRINGER INGELHEIM**            represented by   **ALFRED CECIL FRAWLEY , IV**
**PHARMACEUTICALS INC**                              MCCLOSKEY, MINA, CUNNIFF, &
                                                     FRAWLEY LLC
                                                     12 CITY CENTER
                                                     PORTLAND, ME 04101
                                                     207–772–6805
                                                     Email: afrawley@lawmmc.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**DANIEL GERARD RANDOLPH**
COVINGTON & BURLING LLP
ONE CITY CENTER
850 TENTH ST NW
WASHINGTON, DC 20001
202–662–5733

Email: drandolph@cov.com
*ATTORNEY TO BE NOTICED*

**KEVIN F. KING**
COVINGTON & BURLING LLP
ONE CITY CENTER
850 TENTH STREET, NW
WASHINGTON, DC 20001−4956
202−552−5488
Fax: 202−778−5488
Email: kking@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**NOVO NORDISK INC**                    represented by    **ALFRED CECIL FRAWLEY , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL GERARD RANDOLPH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KEVIN F. KING**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**ABBVIE INC**                    represented by    **MATTHEW SCOTT OWEN**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JAY S. GELLER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**MEREDITH M. POHL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**NICK BELL**
(See above for address)
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2025 | 1 | COMPLAINT against All Defendants **PAYMENT OF FILING FEE DUE WITHIN 48 HOURS. IF FILING FEE IS BEING PAID WITH A CREDIT CARD COUNSEL ARE INSTRUCTED TO LOGIN TO CMECF AND DOCKET *Case Opening Filing Fee Paid* FOUND IN THE *Complaints and Other Initiating Documents* CATEGORY. CHECK PAYMENTS DUE WITHIN 48 HOURS.**, filed by DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, UNITY MEDICAL CENTER, AMERICAN HOSPITAL ASSOCIATION, ST MARY'S REGIONAL MEDICAL CENTER. (Service of Process Deadline 3/2/2026) Fee due by 12/3/2025.(mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 2 | CIVIL COVER SHEET. (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 3 | MOTION for Temporary Restraining Order by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 4 | DECLARATION of Jeffrey Austin re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 5 | DECLARATION of Winfield S. Brown re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 6 | DECLARATION of Sean M. Fadale re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 7 | DECLARATION of Chad Golder re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 8 | DECLARATION of H. David Mantz re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 9 | DECLARATION of Alan W. O'Neil re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (mtm) (Entered: 12/01/2025) |

| | | |
|---|---|---|
| 12/01/2025 | 10 | DECLARATION of L. Rush Atkinson re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. (Attachments: # 1 Ex. 01 – Letter from Chantelle Britton Director OPA HRSA to JJ (Aug. 14 2024), # 2 Ex. 02 – Letter from Carole Johnson Administrator HRSA to JJ (Sept. 17 2024), # 3 Ex. 03 – Letter from Carole Johnson Administrator HRSA to JJ (Sept. 27 2024), # 4 Ex. 04 – Letter from Chantelle Britton Director OPA HRSA to Lilly (Sept. 18 2024), # 5 Ex. 05 – Letter from Chantelle Britton Director OPA HRSA to BMS (Nov. 4 2024), # 6 Ex. 06 – Letter from Chantelle Britton Director OPA HRSA to Sanofi (Nov. 12 2024), # 7 Ex. 07 – Letter from Chantelle Britton Director OPA HRSA to Novartis (Jan. 14 2025), # 8 Ex. 08 – HRSA–2025–0001–0052, # 9 Ex. 09 – HRSA–2025–0001–0076, # 10 Ex. 10 – HRSA–2025–0001–0110, # 11 Ex. 11 – HRSA–2025–0001–0378, # 12 Ex. 12 – HRSA–2025–0001–0401, # 13 Ex. 13 – HRSA–2025–0001–0621, # 14 Ex. 14 – HRSA–2025–0001–0802, # 15 Ex. 15 – HRSA–2025–0001–0870, # 16 Ex. 16 – HRSA–2025–0001–0974, # 17 Ex. 17 – HRSA–2025–0001–1074, # 18 Ex. 18 – HRSA–2025–0001–1111, # 19 Ex. 19 – HRSA–2025–0001–0106, # 20 Ex. 20 – HRSA–2025–0001–0495, # 21 Ex. 21 – HRSA–2025–0001–0099, # 22 Ex. 22 – HRSA–2025–0001–0005, # 23 Ex. 23 – HRSA–2025–0001–0215, # 24 Ex. 24 – HRSA–2025–0001–0842, # 25 Ex. 25 – HRSA–2025–0001–0549, # 26 Ex. 26 – HRSA–2025–0001–0465, # 27 Ex. 27 – HRSA–2025–0001–0748, # 28 Ex. 28 – HRSA–2025–0001–0951, # 29 Ex. 29 – Engels Ltr to OIR, # 30 Ex. 30 – Supporting Statement to OMB)(mtm) (Entered: 12/01/2025) |
| 12/01/2025 | 11 | Summons Issued as to THOMAS J ENGELS, HEALTH RESOURCES AND SERVICES ADMINISTRATION, ROBERT F KENNEDY, JR, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA.<br><br>**Counsel shall print the embossed summons and effect service in the manner in accordance with Fed.R.Civ.P.4.**<br><br>**Note–If you are using Version 6 of Adobe Acrobat, be sure the PRINT WHAT field is set to DOCUMENTS AND COMMENTS (Click File, then Print to check this setting).**<br><br>(Attachments: # 1 Summons as to The United States c/o Pamela Bondi, US Attorney General, # 2 Summons as to United States Department of Health and Human Services, # 3 Summons as to Robert F. Kennedy Jr., # 4 Summons as to Thomas J. Engels, # 5 Summons as to Health Resources and Services Administration)(mtm) (Entered: 12/01/2025) |
| 12/01/2025 | | Set Deadlines : Per Civil Rule 7.1 as Amended December 1, 2022 Disclosure Statement due by 12/8/2025 as to all Plaintiffs. (mtm) (Entered: 12/01/2025) |
| 12/02/2025 | | Filing Fee Paid via Credit Card ( Filing fee $ 405 receipt number AMEDC–3212877.), filed by DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, UNITY MEDICAL CENTER, AMERICAN HOSPITAL ASSOCIATION, ST MARY'S REGIONAL MEDICAL CENTER.(HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 12 | |

| | | RULE 7.1 DISCLOSURE STATEMENT by AMERICAN HOSPITAL ASSOCIATION. (HEWEY, MELISSA) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 13 | RULE 7.1 DISCLOSURE STATEMENT by DALLAS COUNTY MEDICAL CENTER. (HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 14 | RULE 7.1 DISCLOSURE STATEMENT by MAINE HOSPITAL ASSOCIATION. (HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 15 | RULE 7.1 DISCLOSURE STATEMENT by NATHAN LITTAUER HOSPITAL & NURSING HOME. (HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 16 | RULE 7.1 DISCLOSURE STATEMENT by ST MARY'S REGIONAL MEDICAL CENTER. (HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 17 | RULE 7.1 DISCLOSURE STATEMENT by UNITY MEDICAL CENTER. (HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 18 | CERTIFICATION for Admission Pro Hac Vice of Karen L. Dunn, Rush Atkinson, Lyle Gruby filed by MELISSA A. HEWEY on behalf of All Plaintiffs (Total admission fee $ 600 receipt number AMEDC−3213290.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Rush Atkinson, # 2 Lyle Gruby)(HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 19 | CERTIFICATION for Admission Pro Hac Vice of Jenifer Hartley, Tyler Thomas Mikulis filed by MELISSA A. HEWEY on behalf of All Plaintiffs (Total admission fee $ 400 receipt number AMEDC−3213318.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Tyler Thomas Mikulis)(HEWEY, MELISSA) (Entered: 12/02/2025) |
| 12/02/2025 | 20 | NOTICE of APPROVAL by Clerk's Office re 18 Certification for Admission Pro Hac Vice and 19 Certification for Admission Pro Hac Vice. Attorneys KAREN L. DUNN, RUSH ATKINSON, LYLE GRUBY, JENIFER HARTLEY, and TYLER THOMAS MIKULIS for AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER and UNITY MEDICAL CENTER added to this specific case only.<br><br>Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorneys Karen L. Dunn, Rush Atkinson, Lyle Gruby, Jenifer Hartley, and Tyler Thomas Mikulis must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/9/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (jgd) (Entered: 12/02/2025) |
| 12/04/2025 | 21 | NOTICE of Appearance by ELISABETH NEYLAN on behalf of All Defendants (NEYLAN, ELISABETH) (Entered: 12/04/2025) |

| | | |
|---|---|---|
| 12/05/2025 | 22 | NOTICE of Hearing: Telephone Conference set for 12/8/2025 11:00 AM before JUDGE JOHN A. WOODCOCK JR. The parties have been provided the Court's call–in information. (jam) (Entered: 12/05/2025) |
| 12/05/2025 | 23 | NOTICE of Appearance by JENNIFER RIGGLE on behalf of AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER (RIGGLE, JENNIFER) (Entered: 12/05/2025) |
| 12/05/2025 | 24 | NOTICE of Appearance by JAY S. GELLER on behalf of AbbVie Inc., PHARMACYCLICS LLC (GELLER, JAY) (Entered: 12/05/2025) |
| 12/05/2025 | 25 | NOTICE/CORRESPONDENCE Re: Intent To Intervene by AbbVie Inc., PHARMACYCLICS LLC (GELLER, JAY) (Entered: 12/05/2025) |
| 12/05/2025 | 26 | RULE 7.1 DISCLOSURE STATEMENT by AbbVie Inc., PHARMACYCLICS LLC. (GELLER, JAY) (Entered: 12/05/2025) |
| 12/05/2025 | 27 | CERTIFICATION for Admission Pro Hac Vice of Matthew S. Owen filed by MATTHEW SCOTT OWEN on behalf of AbbVie Inc., PHARMACYCLICS LLC (Total admission fee $ 200 receipt number AMEDC–3215533.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (OWEN, MATTHEW) (Entered: 12/05/2025) |
| 12/05/2025 | 28 | CERTIFICATION for Admission Pro Hac Vice of Meredith Pohl filed by MEREDITH M. POHL on behalf of AbbVie Inc., PHARMACYCLICS LLC (Total admission fee $ 200 receipt number AMEDC–3215546.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (POHL, MEREDITH) (Entered: 12/05/2025) |
| 12/07/2025 | 29 | NOTICE/CORRESPONDENCE Re: AbbVie Notice (Dkt. No. 25) by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER (ATKINSON, LAWRENCE) (Entered: 12/07/2025) |
| 12/08/2025 | 30 | NOTICE of APPROVAL by Clerk's Office re 27 Certification for Admission Pro Hac Vice and 28 Certification for Admission Pro Hac Vice. Attorneys MEREDITH M. POHL and MATTHEW SCOTT OWEN for ABBVIE INC and PHARMACYCLICS LLC added to this specific case only. (jgd) (Entered: 12/08/2025) |
| 12/08/2025 | 31 | Minute Entry for proceedings held before JUDGE JOHN A. WOODCOCK, JR: Telephone Conference held, Set Deadlines as to Motion for TRO ( Responses due by 12/15/2025, Reply due by 12/18/2025.). (Court Reporter: Michelle Feliccitti) (jam) (Entered: 12/08/2025) |
| 12/08/2025 | | Set Deadlines per directive of U.S. District Judge John A. Woodcock, Jr.: Motion to Intervene due by 12/10/2025, Responses due 12/15/2025. (jam) (Entered: 12/08/2025) |
| 12/08/2025 | 32 | NOTICE of Hearing on Motion 3 MOTION for Temporary Restraining Order : Oral Argument set for 12/19/2025 11:00 AM in Portland Courtroom 2 before JUDGE |

| | | |
|---|---|---|
| | | JOHN A. WOODCOCK JR. (jam) (Entered: 12/08/2025) |
| 12/10/2025 | 33 | CERTIFICATION for Admission Pro Hac Vice of Alyssa Howard filed by EDWARD S. MACCOLL on behalf of 340B HEALTH, America's Essential Hospitals (Total admission fee $ 200 receipt number AMEDC−3217208.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (MACCOLL, EDWARD) (Entered: 12/10/2025) |
| 12/10/2025 | 34 | ***FILED IN ERROR***CERTIFICATION for Admission Pro Hac Vice of William B. Schultz filed by EDWARD S. MACCOLL on behalf of 340B HEALTH, America's Essential Hospitals (Total admission fee $ 200 receipt number AMEDC−3217219.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Attachment)(MACCOLL, EDWARD) Modified on 12/10/2025 to mark as filed in error. Counsel to re−file (slg). (Entered: 12/10/2025) |
| 12/10/2025 | 35 | NOTICE of Appearance by JEFFREY D. TALBERT on behalf of ASTRAZENECA PHARMACEUTICALS LP (TALBERT, JEFFREY) (Entered: 12/10/2025) |
| 12/10/2025 | 36 | MOTION to Intervene by ABBVIE INC, PHARMACYCLICS LLC Responses due by 12/31/2025. (Attachments: # 1 Exhibit Ex. 1 − 2025.12.10 Pilot Program Aynilian Decl, # 2 Exhibit Ex. 2 − 2025.12.10 Pilot Progr. Scheidler Decl.)(OWEN, MATTHEW) (Entered: 12/10/2025) |
| 12/10/2025 | 37 | NOTICE of Docket Entry Modification regarding 34 Certification for Admission Pro Hac Vice. Marked as filed in error by the Clerk's Office. Counsel to re−file. (slg) (Entered: 12/10/2025) |
| 12/10/2025 | 38 | NOTICE of APPROVAL by Clerk's Office re 33 Certification for Admission Pro Hac Vice. Attorney ALYSSA HOWARD for 340B HEALTH and AMERICA'S ESSENTIAL HOSPITALS added to this specific case only. (slg) (Entered: 12/10/2025) |
| 12/10/2025 | 39 | MOTION to Intervene by ASTRAZENECA PHARMACEUTICALS LP Responses due by 12/31/2025. (Attachments: # 1 Exhibit 1 − Declaration In Support of Motion to Intervene)(TALBERT, JEFFREY) (Entered: 12/10/2025) |
| 12/10/2025 | 40 | RULE 7.1 DISCLOSURE STATEMENT by ASTRAZENECA PHARMACEUTICALS LP. (TALBERT, JEFFREY) (Entered: 12/10/2025) |
| 12/10/2025 | | Reset Deadlines as to 36 MOTION to Intervene , 39 MOTION to Intervene per directive of U.S. District Judge John A. Woodcock, Jr. on December 8, 2025: Responses due by 12/15/2025. (jam) (Entered: 12/10/2025) |
| 12/10/2025 | 41 | CERTIFICATION for Admission Pro Hac Vice of Allon Kedem, Jeffrey L. Handwerker filed by JEFFREY D. TALBERT on behalf of ASTRAZENECA PHARMACEUTICALS LP (Total admission fee $ 400 receipt number AMEDC−3217340.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Supplement |

| | | |
|---|---|---|
| | | Certification for Admission PHV Jeffrey L. Handwerker)(TALBERT, JEFFREY) (Entered: 12/10/2025) |
| 12/10/2025 | 42 | NOTICE of APPROVAL by Clerk's Office re 41 Certification for Admission Pro Hac Vice. Attorney ALLON KEDEM for ASTRAZENECA PHARMACEUTICALS LP added to this specific case only. (slg) (Entered: 12/10/2025) |
| 12/10/2025 | 43 | NOTICE of APPROVAL by Clerk's Office re 41 Certification for Admission Pro Hac Vice. Attorney JEFFREY L. HANDWERKER for ASTRAZENECA PHARMACEUTICALS LP added to this specific case only. (slg) (Entered: 12/10/2025) |
| 12/10/2025 | 44 | NOTICE of Appearance by CORIN R. SWIFT on behalf of PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (SWIFT, CORIN) (Entered: 12/10/2025) |
| 12/10/2025 | 45 | MOTION to Intervene by PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA Responses due by 12/31/2025. (Attachments: # 1 Exhibit 1 Declaration of James C. Stansel, # 2 Exhibit 2 Declaration of Lauren Paluzzi)(SWIFT, CORIN) (Entered: 12/10/2025) |
| 12/10/2025 | 46 | RULE 7.1 DISCLOSURE STATEMENT by PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA. (SWIFT, CORIN) (Entered: 12/10/2025) |
| 12/10/2025 | 47 | CERTIFICATION for Admission Pro Hac Vice of Kwaku A. Akowuah filed by CORIN R. SWIFT on behalf of PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (Total admission fee $ 200 receipt number AMEDC−3217699.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (SWIFT, CORIN) (Entered: 12/10/2025) |
| 12/10/2025 | 48 | CERTIFICATION for Admission Pro Hac Vice of Madeleine Joseph filed by CORIN R. SWIFT on behalf of PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (Total admission fee $ 200 receipt number AMEDC−3217700.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (SWIFT, CORIN) (Entered: 12/10/2025) |
| 12/10/2025 | 49 | CERTIFICATION for Admission Pro Hac Vice of Meenakshi Datta filed by CORIN R. SWIFT on behalf of PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (Total admission fee $ 200 receipt number AMEDC−3217701.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (SWIFT, CORIN) (Entered: 12/10/2025) |
| 12/10/2025 | 50 | MOTION to Intervene by Boehringer Ingelheim Pharmaceuticals, Inc., Novo Nordisk Inc. Responses due by 12/31/2025. (Attachments: # 1 Decl. of Alfred C. Frawley, # 2 Exhibit A to Frawley Decl., # 3 Exhibit B to Frawley Decl., # 4 C. Marsh Decl., # 5 F. Jafery Decl.)(FRAWLEY, ALFRED) (Entered: 12/10/2025) |

| | | |
|---|---|---|
| 12/10/2025 | 51 | RULE 7.1 DISCLOSURE STATEMENT by Boehringer Ingelheim Pharmaceuticals, Inc.. (FRAWLEY, ALFRED) (Entered: 12/10/2025) |
| 12/10/2025 | 52 | RULE 7.1 DISCLOSURE STATEMENT by Novo Nordisk Inc.. (FRAWLEY, ALFRED) (Entered: 12/10/2025) |
| 12/10/2025 | 53 | CERTIFICATION for Admission Pro Hac Vice of Thomas R. Brugato filed by ALFRED CECIL FRAWLEY, IV on behalf of Boehringer Ingelheim Pharmaceuticals, Inc., Novo Nordisk Inc. (Total admission fee $ 200 receipt number AMEDC−3217711.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (FRAWLEY, ALFRED) (Entered: 12/10/2025) |
| 12/10/2025 | 54 | CERTIFICATION for Admission Pro Hac Vice of Kevin King filed by ALFRED CECIL FRAWLEY, IV on behalf of Boehringer Ingelheim Pharmaceuticals, Inc., Novo Nordisk Inc. (Total admission fee $ 200 receipt number AMEDC−3217713.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (FRAWLEY, ALFRED) (Entered: 12/10/2025) |
| 12/10/2025 | 55 | CERTIFICATION for Admission Pro Hac Vice of Daniel G. Randolph filed by ALFRED CECIL FRAWLEY, IV on behalf of Boehringer Ingelheim Pharmaceuticals, Inc., Novo Nordisk Inc. (Total admission fee $ 200 receipt number AMEDC−3217715.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (FRAWLEY, ALFRED) (Entered: 12/10/2025) |
| 12/11/2025 | | Reset Deadlines as to 45 MOTION to Intervene , 50 MOTION to Intervene per directive of U.S. District Judge John A. Woodcock, Jr. on December 8, 2025: Responses due by 12/15/2025. (jam) (Entered: 12/11/2025) |
| 12/11/2025 | 56 | NOTICE of APPROVAL by Clerk's Office re 48 Certification for Admission Pro Hac Vice 53 Certification for Admission Pro Hac Vice 49 Certification for Admission Pro Hac Vice 55 Certification for Admission Pro Hac Vice 54 Certification for Admission Pro Hac Vice 47 Certification for Admission Pro Hac Vice. Attorney KEVIN F KING, DANIEL G RANDOLPH for BOEHRINGER INGELHEIM PHARMACEUTICALS INC and NOVO NORDISK INC. KWAKU A AKOWUAH, MADELEINE A JOSEPH, MEENAKSHI A DATTA, THOMAS R BRUGATO for PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA added to this specific case only. Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Kwaku A. Akowuah, Madeleine Joseph, Meenakshi Datta, Thomas R. Brugato, Kevin F. King, Daniel G. Randolph must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/17/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: 12/11/2025) |

| | | |
|---|---|---|
| 12/11/2025 | 57 | CERTIFICATION for Admission Pro Hac Vice of William B. Schultz filed by EDWARD S. MACCOLL on behalf of 340B HEALTH, AMERICA'S ESSENTIAL HOSPITALS The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Exhibit A – List of Atty Schultz Admissions)(MACCOLL, EDWARD) (Entered: 12/11/2025) |
| 12/11/2025 | 58 | NOTICE of APPROVAL by Clerk's Office re 57 Certification for Admission Pro Hac Vice. Attorney WILLIAM B. SCHULTZ for 340B HEALTH,WILLIAM B. SCHULTZ for AMERICA'S ESSENTIAL HOSPITALS added to this specific case only. (slg) (Entered: 12/11/2025) |
| 12/11/2025 | 59 | *FILED IN ERROR* Consent MOTION for Leave to File *Brief of Amici Curiae* by 340B HEALTH, AMERICA'S ESSENTIAL HOSPITALS Responses due by 1/2/2026. (MACCOLL, EDWARD) Modified on 12/12/2025 Counsel re–filed at ECF 60 (jam). (Entered: 12/11/2025) |
| 12/11/2025 | 60 | Consent MOTION for Leave to File *Brief of Amici Curiae* by 340B HEALTH, AMERICA'S ESSENTIAL HOSPITALS Responses due by 1/2/2026. (Attachments: # 1 Exhibit A – Brief of Amici)(MACCOLL, EDWARD) (Entered: 12/11/2025) |
| 12/12/2025 | 61 | ORDER granting 60 Motion for Leave to File Brief of Amici Curiae By JUDGE JOHN A. WOODCOCK, JR. (jam) (Entered: 12/12/2025) |
| 12/12/2025 | 62 | BRIEF re 3 MOTION for Temporary Restraining Order *submitted in support of plaintiff's motion by amici curiae* by 340B HEALTH, AMERICA'S ESSENTIAL HOSPITALS. (MACCOLL, EDWARD) (Entered: 12/12/2025) |
| 12/12/2025 | 63 | *FILED IN ERROR* SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to ROBERT F KENNEDY, JR. (HEWEY, MELISSA) Modified on 12/15/2025 to mark as filed in error, counsel to refile (jam). (Entered: 12/12/2025) |
| 12/12/2025 | 64 | *FILED IN ERROR* SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to THOMAS J ENGELS. (HEWEY, MELISSA) Modified on 12/15/2025 to mark as filed in error, counsel to refile (jam). (Entered: 12/12/2025) |
| 12/12/2025 | 65 | *FILED IN ERROR* SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to HEALTH RESOURCES AND SERVICES ADMINISTRATION. (HEWEY, MELISSA) Modified on 12/15/2025 to mark as filed in error, counsel to refile (jam). (Entered: 12/12/2025) |
| 12/12/2025 | 66 | *FILED IN ERROR* SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to |

| | | UNITED STATES OF AMERICA. (HEWEY, MELISSA) Modified on 12/15/2025 to mark as filed in error, counsel to refile (jam). (Entered: 12/12/2025) |
|---|---|---|
| 12/15/2025 | 67 | NOTICE of Appearance by DANIEL L. ROSENTHAL on behalf of PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (ROSENTHAL, DANIEL) (Entered: 12/15/2025) |
| 12/15/2025 | 68 | SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to HEALTH RESOURCES AND SERVICES ADMINISTRATION. (HEWEY, MELISSA) (Entered: 12/15/2025) |
| 12/15/2025 | 69 | SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to THOMAS J ENGELS. (HEWEY, MELISSA) (Entered: 12/15/2025) |
| 12/15/2025 | 70 | SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to ROBERT F KENNEDY, JR. (HEWEY, MELISSA) (Entered: 12/15/2025) |
| 12/15/2025 | 71 | SERVICE Returned EXECUTED filed by DALLAS COUNTY MEDICAL CENTER, NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, MAINE HOSPITAL ASSOCIATION, UNITY MEDICAL CENTER, ST MARY'S REGIONAL MEDICAL CENTER as to UNITED STATES OF AMERICA. (HEWEY, MELISSA) (Entered: 12/15/2025) |
| 12/15/2025 | 72 | RESPONSE in Opposition re 3 MOTION for Temporary Restraining Order filed by ABBVIE INC. Reply due by 12/29/2025. (Attachments: # 1 Exhibit 1 – Vandervelde Declaration, # 2 Exhibit 2 – Banks Declaration)(OWEN, MATTHEW) (Entered: 12/15/2025) |
| 12/15/2025 | 73 | RESPONSE in Opposition re 3 MOTION for Temporary Restraining Order filed by PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA. Reply due by 12/29/2025. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(ROSENTHAL, DANIEL) (Entered: 12/15/2025) |
| 12/15/2025 | 74 | RESPONSE to Motion re 39 MOTION to Intervene , 50 MOTION to Intervene , 45 MOTION to Intervene , 36 MOTION to Intervene filed by THOMAS J ENGELS, HEALTH RESOURCES AND SERVICES ADMINISTRATION, ROBERT F KENNEDY, JR, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA. Reply due by 12/29/2025. (NEYLAN, ELISABETH) (Entered: 12/15/2025) |
| 12/15/2025 | 75 | RESPONSE in Opposition re 3 MOTION for Temporary Restraining Order filed by THOMAS J ENGELS, HEALTH RESOURCES AND SERVICES ADMINISTRATION, ROBERT F KENNEDY, JR, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA. Reply due by 12/29/2025. (Attachments: # 1 Declaration of Chantelle Britton)(NEYLAN, ELISABETH) (Entered: 12/15/2025) |

| 12/15/2025 | 76 | RESPONSE in Opposition re 39 MOTION to Intervene , 50 MOTION to Intervene , 45 MOTION to Intervene , 36 MOTION to Intervene filed by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER. Reply due by 12/29/2025. (ATKINSON, LAWRENCE) (Entered: 12/15/2025) |
| 12/16/2025 | | Set Answer Deadline for HEALTH RESOURCES AND SERVICES ADMINISTRATION, THOMAS J ENGELS, ROBERT F KENNEDY, JR, UNITED STATES OF AMERICA per executed summons No. 68, 69, 70, 71: Answer due by 12/26/2025. (jam) (Entered: 12/16/2025) |
| 12/16/2025 | | Set Deadlines as to 3 MOTION for Temporary Restraining Order per directive of U.S. District Judge John A. Woodcock, Jr. at the telephone conference on December 8, 2025: Reply due by 12/18/2025. (jam) (Entered: 12/16/2025) |
| 12/16/2025 | 77 | CERTIFICATION for Admission Pro Hac Vice of Nick Bell filed by NICK BELL on behalf of ABBVIE INC, PHARMACYCLICS LLC (Total admission fee $ 200 receipt number AMEDC−3220887.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (BELL, NICK) (Entered: 12/16/2025) |
| 12/17/2025 | 78 | NOTICE of APPROVAL by Clerk's Office re 77 Certification for Admission Pro Hac Vice. Attorney NICK BELL for ABBVIE INC and PHARMACYCLICS LLC added to this specific case only. (jgd) (Entered: 12/17/2025) |
| 12/17/2025 | 79 | ORDER OF RECUSAL. I hereby recuse myself from presiding over this case. Although it is typical for a judge to recuse without explanation, given the circumstances, the parties and counsel are informed that I have concluded that my recusal is mandatory pursuant to 28 U.S.C. § 455(b)(4). SO ORDERED. JUDGE JOHN A. WOODCOCK, JR recused. Case reassigned to JUDGE STACEY D. NEUMANN for all further proceedings By JUDGE JOHN A. WOODCOCK, JR. (jam) (Entered: 12/17/2025) |
| 12/17/2025 | | Case Reassigned to JUDGE LANCE E. WALKER. JUDGE STACEY D. NEUMANN no longer assigned to the case. (jam) (Entered: 12/17/2025) |
| 12/17/2025 | 80 | REPLY to Response to Motion re 39 MOTION to Intervene , 50 MOTION to Intervene , 45 MOTION to Intervene , 36 MOTION to Intervene filed by ABBVIE INC, PHARMACYCLICS LLC. (OWEN, MATTHEW) (Entered: 12/17/2025) |
| 12/18/2025 | 81 | NOTICE of UPDATED Hearing on Motion (JUDGE AND LOCATION CHANGE ONLY) re: 3 MOTION for Temporary Restraining Order. Oral Argument set for 12/19/2025 11:00 AM Portland Courtroom 1 before JUDGE LANCE E. WALKER. (slg) (Entered: 12/18/2025) |
| 12/18/2025 | 82 | REPLY to Response to Motion re 3 MOTION for Temporary Restraining Order filed by AMERICAN HOSPITAL ASSOCIATION. (Attachments: # 1 Declaration of Chad Golder in Further Support of Plaintiffs' Motion for a Temporary Restraining Order)(DUNN, KAREN) (Entered: 12/18/2025) |
| 12/18/2025 | 83 | ORDER on Motions to Intervene denying 36 Motion to Intervene; denying 39 Motion to Intervene; denying 45 Motion to Intervene; denying 50 Motion to Intervene. By |

| | | |
|---|---|---|
| | | JUDGE LANCE E. WALKER. (slg) (Entered: 12/18/2025) |
| 12/19/2025 | 84 | Minute Entry for proceedings held before JUDGE LANCE E. WALKER: Oral Argument held re 3 MOTION for Temporary Restraining Order filed by NATHAN LITTAUER HOSPITAL & NURSING HOME, AMERICAN HOSPITAL ASSOCIATION, ST MARY'S REGIONAL MEDICAL CENTER, DALLAS COUNTY MEDICAL CENTER, UNITY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION. Motion taken under advisement. (Court Reporter: Tammy Martell) (slg) (Entered: 12/19/2025) |
| 12/22/2025 | | Reset Answer Deadline for UNITED STATES OF AMERICA as Court closed on 12/26/2025: Answer due by 12/29/2025. (slg) Modified on 12/22/2025 to reflect deadline was set for USA only (slg). (Entered: 12/22/2025) |
| 12/22/2025 | | Reset Answer Deadline for HEALTH RESOURCES AND SERVICES ADMINISTRATION, THOMAS J ENGELS, ROBERT F KENNEDY, JR Court closed on 12/26/2025: Answer due by 12/29/2025. (slg) (Entered: 12/22/2025) |
| 12/22/2025 | | Reset Deadlines: Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, **Attorney Meenakshi Datta** must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/29/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: 12/22/2025) |
| 12/22/2025 | | Reset Deadlines: Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney **LYLE GRUBY** must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/29/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: 12/22/2025) |
| 12/22/2025 | 85 | NOTICE/CORRESPONDENCE Re: Portions of the Administrative Record by All Defendants (Attachments: # 1 Declaration of Chantelle Britton, # 2 Exhibit 1 − Documents Related to HRSA's Approval of Abbvie's Plan, # 3 Exhibit 2 − Documents Related to HRSA's Approval of J&J's Plan)(NEYLAN, ELISABETH) (Entered: 12/22/2025) |
| 12/22/2025 | 86 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings Oral Argument held on December 19, 2025 before Judge Lance E. Walker. Court Reporter/Transcriber: Tammy Martell, Telephone Number: 207.272.5566. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.med.uscourts.gov.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 3/23/2026. (MARTELL, TAMMY) (Entered: 12/22/2025) |
| 12/22/2025 | 87 | NOTICE/CORRESPONDENCE Re: Defendants' Notice (ECF Doc. 85) by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL |

| | | |
|---|---|---|
| | | CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER (ATKINSON, LAWRENCE) (Entered: 12/22/2025) |
| 12/23/2025 | 88 | NOTICE/CORRESPONDENCE Re: Supplemental Filing of Records Reflecting Agency Approval of Pilot Program Proposal by ASTRAZENECA PHARMACEUTICALS LP (Attachments: # 1 Supplement Declaration of Sky Adams with Exhibits)(TALBERT, JEFFREY) (Entered: 12/23/2025) |
| 12/23/2025 | 89 | NOTICE/CORRESPONDENCE Re: AstraZeneca's Supplemental Filing (ECF Doc. 88) by AMERICAN HOSPITAL ASSOCIATION, DALLAS COUNTY MEDICAL CENTER, MAINE HOSPITAL ASSOCIATION, NATHAN LITTAUER HOSPITAL & NURSING HOME, ST MARY'S REGIONAL MEDICAL CENTER, UNITY MEDICAL CENTER (ATKINSON, LAWRENCE) (Entered: 12/23/2025) |
| 12/29/2025 | 90 | ORDER on Motion for Preliminary Injunction granting 3 Motion for TRO. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/29/2025) |
| 12/29/2025 | | Set Deadlines: Per Order #90 security in the amount of $1,000 due by 1/5/2026. (slg) (Entered: 12/29/2025) |
| 12/29/2025 | 91 | NOTICE OF APPEAL as to 90 Order on Motion for TRO by THOMAS J ENGELS, HEALTH RESOURCES AND SERVICES ADMINISTRATION, ROBERT F KENNEDY, JR, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA . <br><br>**NOTICE TO FILER:** A transcript Report/Order form MUST be completed and submitted to the First Circuit Court of Appeals. The form can be found under the Forms & Fees section on their website at https://www.ca1.uscourts.gov. <br><br>**NOTICE TO COUNSEL:** Counsel should register for a First Circuit CM/ECF Appellate Filer Account at https://pacer.psc.uscourts.gov. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at https://www.ca1.uscourts.gov/cmecf (NEYLAN, ELISABETH) (Entered: 12/29/2025) |
| 12/29/2025 | 92 | MOTION to Stay *Preliminary Injunction Pending Appeal, or in the Alternative, for an Administrative Stay* by THOMAS J ENGELS, HEALTH RESOURCES AND SERVICES ADMINISTRATION, ROBERT F KENNEDY, JR, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA Responses due by 1/20/2026. (Attachments: # 1 Memorandum of Law in Support of Motion)(NEYLAN, ELISABETH) (Entered: 12/29/2025) |
| 12/30/2025 | 93 | APPEAL COVER SHEET Re: 91 Notice of Appeal (slg) (Entered: 12/30/2025) |
| 12/30/2025 | 94 | CLERK'S CERTIFICATE Re: 91 Notice of Appeal. Documents sent to the U.S. Court of Appeals. (slg) (Entered: 12/30/2025) |

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

## APPEAL COVER SHEET

| D.C. # 2:25-cv-00600-LEW | C.C.A. # |
|---|---|
| CASE TITLE: AMERICAN HOSPITAL ASSOCIATION et al v. KENNEDY et al | |

| | |
|---|---|
| Name of Counsel for Appellant(s): | Elisabeth Neylan, DOJ |
| Name of Counsel for Appellee(s): | Jenifer N. Hartley, Esq.<br>Karen L. Dunn, Esq.<br>Lawrence Atkinson, Esq.<br>Lyle Gruby, Esq.<br>Melissa A. Hewey, Esq.<br>Tyler Thomas Mikulis, Esq.<br>Jennifer Riggle, Esq. |
| Name of Judge: | Lance E. Walker, Chief U.S. District Judge |
| Court Reporter(s) & Dates: | Tammy Martell - 12/19/25 |
| Transcript Ordered? | ☐ Yes  ☒ No |
| Court Appointed Counsel? | ☐ Yes  ☒ No |
| Fee Paid? | ☐ Yes  ☒ No |
| In Forma Pauperis? | ☐ Yes  ☒ No |
| Motions Pending? | ☒ Yes  ☐ No |
| Guidelines Case? | ☐ Yes  ☒ No |
| Related Case on Appeal? | ☐ Yes  ☒ No |
| C. C. A. # (if available) | |
| Date of Last Appeal | |

Special Comments:  Motion to Stay Preliminary Injunction Pending Appeal, or in the Alternative, for an Administrative Stay pending (ECF No. 92)

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MAINE HOSPITAL ASSOCIATION,   )
et al   )
   )
v.   )   Civil No. 2:25-cv-00600-LEW
   )
ROBERT F. KENNEDY, JR, et al   )

## <u>CLERK'S CIVIL CERTIFICATE</u>

I, Eric M. Storms, Acting Clerk of the United States District Court for the District of

Maine, hereby certify that the following are hereby electronically transmitted to the First

Circuit Court of Appeals and constitute the Abbreviated record on appeal:

Documents Numbered:    93    Appeal Cover Sheet
    94    Clerk's Certificate
    91    Notice of Appeal
    90    Order

I hereby certify that the record and docket sheet available through ECF to be the

certified record and docket entries. All non-electronic documents of record have been

forwarded this date with a copy of this Certificate.

Non-Electronic Documents:

Dated *December 30, 2025.*

                ERIC M. STORMS, Acting Clerk

        By:    <u>/s/ Stacey Graf    </u>
                Case Manager

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*, | |
| Plaintiffs, | No. 2:25-cv-600-LEW |
| v. | |
| ROBERT F. KENNEDY, JR. SECRETARY of the U.S. Department of Health and Human Services, *et al.*, | |
| Defendants. | |

## NOTICE OF APPEAL

Please take notice that Defendants hereby appeal to the United States Court of Appeals for the First Circuit from this Court's judgment entered December 29, 2025, Doc. No. 90.

Dated: December 29, 2025

Respectfully submitted,

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
Civil Division

MICHELLE R. BENNETT
*Assistant Director*
Federal Programs Branch

*/s/ Elisabeth J. Neylan*
Elisabeth J. Neylan
Trial Attorney (N.Y. Bar Reg. No. 6125736)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-3519; Fax: (202) 616-8460
E-mail: Elisabeth.J.Neylan@usdoj.gov

*Attorneys for Defendants*

1

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| AMERICAN HOSPITAL | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00600-LEW |
| | ) | |
| ROBERT F. KENNEDY, JR., | ) | |
| SECRETARY OF THE | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

Like the old adage, "crawl, walk, run," the Administrative Procedure Act's (APA) arbitrary and capricious standard imposes vanishingly minimal requirements that a federal agency must satisfy before launching a new program or policy. Those minimal requirements are simply that the agency action be reasonable and reasonably explained. Thus, before a new program that affects the rights and privileges of the public can be up and running, the agency must undertake the basic task of developing a contemporaneous record of the relevant factors it considered and provide a reasoned explanation for its course of action.

This axiomatic principle of administrative law is no less applicable in the context of administering complex federal drug pricing laws. With the laudable goal of resolving competing congressional directives to offer price concessions to certain "covered entities"

under both the longstanding 340B Program and the nascent Inflation Reduction Act's Drug Price Negotiation Program, the Health Resources and Services Administration (HRSA) plans to launch a hastily assembled 340B Rebate Model Pilot Program (the Rebate Program) on January 1, 2026, to "deduplicate" these price concessions. Although the HRSA is empowered by statute to achieve the de-duplication objective through a rebate model, and although it applies to only a subset of drugs sold to 340B covered entities, it marks a departure from the Agency's decades-long practice of requiring upfront discounts on 340B eligible drugs, and the Agency's roll out has involved a rather threadbare administrative record that likely fails to consider and reasonably explain the impact of a rebate model on 340B hospitals, who rely on upfront price concessions to stretch few resources as far as possible to serve rural and poor communities. The APA likely requires more from Defendants. For the reasons explained below, Defendants are preliminarily enjoined from implementing the Rebate Program pending further order.

## BACKGROUND

In 1990, Congress created the Medicaid drug pricing rebate program to lower the cost of pharmaceuticals reimbursed by the States under Medicaid. The program conditions Medicaid and Medicare Part B coverage for a pharmaceutical companies' (hereafter "manufacturers") products on the manufacturer's participation in rebate agreements with the Secretary of Health and Human Services (HHS). By participating, manufacturers are contractually bound to pay rebates to state Medicaid programs at the statutorily determined price for certain drugs.

In 1992, Congress separately enacted Section 340B of the Public Health Service Act to assist "covered entities" (i.e., safety-net healthcare providers serving the most vulnerable populations) with their drug-acquisition costs.  Pub. L. No. 102-585 § 602 (1992).  Under Section 340B, manufacturers enter into pricing agreements with the Secretary in exchange for having their drugs covered by Medicaid and Medicare Part B.  42 U.S.C. § 1396r-8(a)(1); *id.* § 256b(a).  In these 340B agreements, manufacturers agree to provide upfront discounts to 340B covered entities, such as Plaintiffs.  Critical to understanding this unfolding narrative is the fact that Medicaid and the 340B Program are different programs imposing different pricing constraints on participating manufacturers.

Since the inception of the 340B drug pricing program, HRSA has required drug manufacturers to provide 340B discounts at the time of sale, colloquially called "upfront discounts," *id.* § 256b(a)(1); Section 602 Guidance, 58 Fed. Reg. 27289, 27291-92 (May 7, 1993), in order to "to stretch scarce federal resources as far as possible, reaching more eligible patients and providing more comprehensive resources." H.R. Rep. No. 102-384(II) at 12 (1992).  As recently as last year, HRSA rejected several manufacturers' proposal to switch to a rebate model, taking the position that an upfront discount model is superior and the switch would be disruptive to the operation of the 340B program.  *See* Compl. ¶¶ 43–46, 48; Ex. 1 at -66; Ex. 4 at -292; Ex. 5 at -342.

However, in the state-administered Medicaid context, a rebate model is standard. In the Inflation Reduction Act of 2022 (IRA), Congress established the Medicare Drug Price Negotiation Program, which authorizes the Secretary to negotiate a "Maximum Fair Price" (MFP) that Medicare pays for certain eligible drugs.  Inflation Reduction Act of

2022, Pub. L. No. 117-169, 136 Stat. 1818; U.S.C. §§ 1320f(a), 1320f-1(b), (d), (e). State Medicaid programs generally pay more than the MFP when administering Medicaid but receive a rebate from manufacturers to ensure that they pay only the MFP on behalf of qualifying patients.

Because several drugs are subject to both the Medicaid MFP and the 340B price concession, there is the potential (commonly realized) that manufacturers are mistakenly subjected to duplicative price concessions when a MFP rebate is claimed for a drug that a covered entity purchased at the 340B price.[1] Where MFP and 340B price concessions overlap, the IRA's "nonduplication" provision requires drug manufacturers to provide the lower of the 340B ceiling price and the MFP to covered entities, but not both. 42 U.S.C. § 1320f-2(d). There does not appear to be any dispute that a well-designed program would avoid duplication, and the parties generally refer to this objective as the "de-duplication" objective.

On July 31, 2025, HRSA announced the 340B Rebate Program, which would allow certain drug manufacturers to charge their drug's wholesale price to 340B covered entities and later issue a rebate to reflect the statutorily required discount price and achieve the de-duplication objective. *See* Press Release, HRSA, HRSA Announces Application Process for the 340B Rebate Model Pilot Program and Request for Public Comment (July 31,

---

[1] Section 340B covered entities also serve Medicaid participants and may dispense drugs to Medicaid participants that they purchased at the 340B discount price. When a Medicaid program seeks and receives the MFP rebate on these prescriptions, manufacturers will have provided a duplicative discount. Such loses spread across the entire 340B network add up to substantial sums of money that should have been realized by the manufacturers rather than the 340B entities or state Medicaid programs.

2025), https://www.hrsa.gov/about/news/press-releases/rebate-model-pilot-program (last visited Dec. 29, 2025). The next day, August 1, 2025, HRSA published notice of the new program in the Federal Register, inviting drug manufacturers to submit applications to participate. Rebate Program Application Notice, 90 Fed. Reg. 36163 (Aug. 1, 2025). HRSA's Notice explained the purpose of the Rebate Program was to address concerns over duplicate discounting by drug manufacturers attempting to ensure that covered entities receive only the 340B upfront discount or the IRA's Medicaid MFP, but not both. Corr. Rebate Program Application Notice, 90 Fed. Reg. 38165 (August 7, 2025). Between October 30 and November 14, 2025, HRSA approved rebate applications from nine eligible drug manufacturers for ten covered drugs. Although the applications concern only ten covered drugs, the anticipated program will be implemented across the entire population of 340B covered entities, all of whom will need to free up money to pay the much higher wholesale drug prices and implement new internal processes to pursue the rebates.[2]

On December 1, 2025, the American Hospital Association (AHA) and the Maine Hospital Association (MHA), along with several of AHA's and MHA's members, (collectively, "Plaintiffs") filed their Complaint (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 3), seeking to enjoin implementation of the Rebate Program.

---

[2] In addition to the preceding background concerning the legislative landscape and the deduplication effort, Plaintiffs' claims rely on a collection of facts associated with the nature and quality of the administrative record and the nature and quality of the harms that will be visited upon them by the Rebate Program. I relate those particularized facts in the preliminary injunction discussion that follows.

Plaintiffs allege that Federal Defendants'[3] establishment and implementation of the 340B Rebate Program violates the Administrative Procedure Act (APA) and ask this Court to declare the program unlawful under § 706 of the APA. Compl. ¶¶ 52-62, 130-175. Because the parties have all been heard on the propriety of emergency injunctive relief, including at a December 19, 2025 hearing, I construe Plaintiffs' Motion as a request for a preliminary injunction rather than a temporary restraining order. The parties have conferred and agree to proceed on this basis. Opp'n at n.1 (ECF No. 75).

## DISCUSSION

The parties' briefs raise the issues of justiciability as well as the question of whether Plaintiffs can meet all four of the preliminary injunction factors. I therefore begin this discussion with the issue of whether Plaintiffs' claims present a justiciable controversy (they do) before turning to whether preliminary injunctive relief is warranted. Because I conclude that relief is warranted on the record presently before me, I necessarily conclude with a discussion of the appropriate nature and scope of relief.

### A.  JUSTICIABILITY

Before reaching the merits, I first briefly address Defendants' two arguments against judicial review:  HRSA's promulgation of the Rebate Program is not final agency action and the decision to effectuate 340B prices through rebates is committed to agency

---

[3] Robert F. Kennedy, Jr. in his official capacity as Secretary of the U.S. Department of Health and Human Services; Thomas J. Engels, in his official capacity as Administrator of Health Resources and Services Administration (HRSA); the U.S. Department of Health and Human Services (HHS); and the United States of America. *Compl.* ¶¶ 19-23.

discretion by law. I reject both arguments because they mischaracterize the nature of Plaintiffs' claims. First, Defendants pettifog on the distinction between their general authority to administer a rebate model program and the approved applications that comprise the Rebate Program itself. As Defendants concede, however, the application approvals do constitute final agency action, which by their nature are reviewable under the APA. *See* 5 U.S.C. § 704. Second, Defendants maintain that because the Public Health Service Act provides the Secretary with the discretion to effectuate the 340B ceiling prices through either rebates or discounts, without a benchmark against which to judge the Secretary's choice, Congress committed that decision to the Secretary alone and the judicial branch must avert its gaze, judicial review being unavailable. Opp'n at 11-13. According to Defendants, that unreviewable discretion extends to the Agency's decision to approve the nine drug manufacturers' applications to participate in the Rebate Program. *Id.*

Assuming without questioning the Secretary's discretion to choose between discounts and rebates to effectuate 340B price concessions, see *Webster v. Doe*, 486 U.S. 592 (1988), the Agency's approval of the drug manufacturers' individual applications is reviewable under the APA. Judicial review of the approvals, including the scope of the resulting program and the expedited pace of its implementation, is entirely consistent with the APA's strong presumption of judicial review, and the longstanding practice of narrowly reading the agency discretion exception "to those rare administrative decisions traditionally left to agency discretion." *Dept. of Homeland Security v. Regents of the Univ. of Cal.*, 591 U.S. 1, 17 (2020) (citations omitted). Accordingly, judicial review of the Agency's

7

approval of the nine applications to participate in the "Rebate Program," is appropriate under the APA.

## B. THE PRELIMINARY INJUNCTION FACTORS

The extraordinary and drastic remedy of a preliminary injunction requires a showing of four elements: (1) substantial likelihood of success on the merits; (2) a high likelihood of irreparable harm if injunctive relief is not granted; (3) a balance of equities tips in the movant's favor; and (4) the injunctive relief is in the public interest. *See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The last two factors "merge when the Government is the party opposing the preliminary injunction." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The most important of the four elements is the likelihood of success on the merits—which is considered the "sine qua non" of the inquiry. *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020) (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)).

As explained below, the anemic administrative record alone supports a conclusion that Plaintiffs have made a strong showing of likelihood of success, at least as matters stand today. Additionally, Plaintiffs' showing of economic impact and disruption to services is substantial and, paired with such a strong showing on the merits, sufficient to demonstrate irreparable injury. With these initial factors tilting the board decisively in Plaintiffs' direction, the remaining factors easily slide in Plaintiff's favor.

### 1. Likelihood of Success on the Merits

The APA's arbitrary-and-capricious standard requires that agency action be both reasonable and reasonably explained. "An agency's decision is arbitrary and capricious if the agency relied on improper factors, disregarded 'an important aspect of the problem,' offered an explanation that runs counter to the evidence,' or when a reasonable explanation for the agency's decision cannot be discerned." *Gulluni v. Levy*, 85 F.4th 76, 82 (1st Cir. 2023) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *accord Melone v. Coit*, 100 F.4th 21, 29-30 (1st Cir. 2024). Judicial review under this standard is deferential, and a court may not substitute its own policy judgment for that of the agency. *State Farm*, 463 U.S. at 43. "A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *Federal Communications Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021); *accord Fam. Plan. Assoc. of Me. v. U.S. Dept. of Health and Human Srvs.*, 466 F. Supp. 3d 259, 266-67, 269 (D. Me. 2020).

#### a. The administrative record

A significant flaw with Defendants' institution of the Rebate Program relates to the paucity of the administrative record. Defendants present for review a July 31, 2025 press release, an August 1, 2025 Federal Register Notice (correction issued August 7), the Agency website's FAQs, a letter to the Office of Management and Budget (OMB), and a few documents and correspondence related to HRSA's approval of AbbVie Inc.'s and Janssen Pharmaceuticals, Inc. and Janssen Biotech, Inc.'s applications to participate in the Rebate Program. To fill the yawning void in this administrative "record," Defendants also

offer as a load-bearing beam to carry the weight of their argument the Declaration of Chantelle Britton (ECF No. 75-1), Director of the Agency's Office of Pharmacy Affairs, which Defendants aver is permissible for the court to consider to "illuminate reasons obscured but implicit in the administrative record."  Opp'n at 14 n.5 (quoting *Clifford v. Pena*, 77 F.3d 1414, 1418 (D.C. Cir. 1996)).

"It is a 'foundational principle of administrative law' that judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'"  *Regents of the Univ. of Cal.*, 591 U.S. at 20 (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)). And while an agency may later "elaborate" on those grounds, it "may not provide new ones."  *Id.* at 21 (citing *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam)).  "In other words, an agency must stand by the reasons it provided at the time of its decision and cannot rely on post-hoc rationalizations developed and presented during litigation."  *In re Fin. Oversight and Mgmt. Bd. for P.R.*, 37 F.4th 746, 761 (1st Cir. 2022); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971); *State Farm*, 463 U.S. at 50.

Despite Defendants' representations to the contrary, the Britton Declaration largely presents post hoc rationalizations absent from the administrative record, precisely the non-cotemporaneous explanations excluded from consideration in APA challenges.  *See Regents of the Univ. of Cal.*, 591 U.S. at 23; *Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 539 (1981) ("the post hoc rationalizations of the agency . . . cannot serve as a sufficient predicate for agency action"); *Overton Park*, 401 U.S. at 419 (rejecting "litigation affidavits" from agency officials as "merely '*post hoc*' rationalizations"); *Cal.*

*v. U.S. Dept. of Educ.*, 132 F.4th 92, 99 (1st Cir. 2025) (rejecting litigation affidavit's "newfound claim of clarity" as post hoc rationalization). To the extent that this tatty administrative record is ambiguous, I consider the Britton Declaration for clarity, but because the record is mostly silent on salient considerations that would guide any rational policy-making process, Director Britton's representations are, for the most part, of no use. *Clifford*, 77 F.3d at 1418.

Finally, amicus AstraZeneca Pharmaceuticals LP offered documents and correspondence related to HRSA's approval of its Rebate Program application. *See* Sky Adams Decl. (ECF No. 88-1). The vast majority of these documents are AstraZeneca's own, and though I appreciate that AstraZeneca is a beneficiary of the Rebate Program, its contributions do not constitute the administrative agency record. To the extent they include HRSA's own documents, it is curious why the Agency did not incorporate them into the administrative record, let alone submit them for consideration. In any event, information presented in this filing is at best circumstantial evidence of what the Agency might have considered, not evidence that it did. Moreover, the animating principle behind the prohibition of post hoc rationalization in APA cases is that democratically unaccountable federal agencies wielding executive power to carry out congressional objectives must do their own homework, build an administrative record, and then demonstrate the application of something resembling a thought process in regard to what the record contains (more on that to follow).

1196

    b.  <u>Failure to provide a reasonable explanation or address significant reliance interests</u>

Plaintiffs allege Defendants' failure to address significant reliance interests is fatal to the Rebate Program. Specifically, Plaintiffs' point to Defendants' failure to even state how 340B entities' more than thirty-year reliance interests in a discount model weighs against the Rebate Program's de-duplication goal. Mot. at 11. Plaintiffs further assert Defendants have failed to meet the APA's requirement of a reasoned explanation for their policy shift because they fail to offer genuine justifications for why the Rebate Program as designed was necessary to achieve its de-duplication goal, what costs and benefits might be relevant, or how patients could be affected. *Id.* at 10.

Defendants counter that they did reasonably explain the policy change and consider reliance interests. In its August 7, 2025 Federal Register Notice, HRSA explained that the purpose and nature of the Rebate Program is based on feedback from drug manufacturers and covered entities about addressing the de-duplication problem and to test the merits and shortcomings of a rebate model. Opp'n at 14-15; Corr. Rebate Program Application Notice, <u>90 Fed. Reg. 38165</u> (Aug. 7, 2025). Defendants also maintain that they did consider these reliance interests, pointing to a Federal Register Notice acknowledging the "fundamental[ ] shift" a rebate model offers, and explaining that the Agency has limited the scope of the Rebate Program to a pilot covering only 2% of total drug sales in the 340B

program.[4]  Opp'n at 15; Corr. Rebate Program Application Notice, <u>90 Fed. Reg. 38165</u> (Aug. 7, 2025); Britton Decl. ¶¶ 5, 22-25.

When an agency changes position on prior policy that has engendered serious reliance interests, it is arbitrary and capricious to ignore the facts and circumstances engendered by that prior policy.  *FCC v. Fox Television Stations, Inc.*, <u>556 U.S. 502, 515-16</u> (2009); *Smiley v. Citibank (S.D.) N.A.*, <u>517 U.S. 735, 742</u> (1996).  In these circumstances, "agencies are free to change their existing policies as long as they provide a reasoned explanation for the change, display awareness that they are changing position, and consider serious reliance interests."  *Food and Drug Admin. v. Wages & White Lion Invs., LLC*, <u>604 U.S. 542, 568</u> (2025) (citations and quotations marks omitted).  In considering reliance interests the agency must "assess whether there were reliance interests, determine whether they were significant, and weigh any such interests against competing policy concerns."  *Regents of the Univ. of Cal.*, <u>591 U.S. at 33</u>.

At the threshold, Defendants concede Plaintiffs' "decades of industry reliance" in the 340B discount model is significant.  *Encino Motorcars, LLC v. Navarro*, <u>579 U.S. 211, 222</u> (2016).  What matters then is simply whether the Agency (1) reasonably explained its change in position, (2) displayed awareness of its change, and (3) considered Plaintiffs' serious reliance interests.  It is clear the Agency has displayed awareness that the Rebate

---

[4] Plaintiffs dispute Defendants' characterization of the Rebate Program as "limited" or a "pilot."  According to Plaintiffs, at least in its current iteration, the Rebate Program is a "pilot" in name only because it applies nationwide, mandating approximately 14,600 340B entities to participate in the Rebate Program for ten of the most commonly used drugs.  *See* Compl. ¶¶ 7, 56; Reply at 9.

Program constitutes a shift in policy, and Plaintiffs do not contest this factor.  On the remaining two factors, I find Plaintiffs are likely to succeed on the merits of their reliance interest claim but that their reasoned explanation claim is a closer call that I need not wade into at the preliminary injunction stage because Defendants' failure to address reliance interests is fatal to a January 1, 2026 rollout of the Rebate Program.

First, there is no evidence in the administrative record that Defendants considered Plaintiffs significant reliance interests.  Defendants rely on a single sentence in their August 7, 2025 Federal Register Notice acknowledging "rebate models could fundamentally shift how the 340B Program has operated for over 30 years."  Opp'n at 15 (quoting Corr. Rebate Program Application Notice, Fed. Reg. 38165 (August 7, 2025)).  This is problematic for several reasons.  First, the sentence does not support Defendants' contention that they considered 340B entities' reliance interests.  Noting a change in a program's operation is not the same as recognizing that the change will impact 340B entities in detrimental ways. Furthermore, it does not evidence that HRSA weighed any reliance interest against the competing de-duplication policy concern or the proposed de-duplication approach favored by the participating manufacturers. *Regents of the Univ. of Calif.*, 591 U.S. at 33.  Indeed, the record's silence on reliance interests reverberates throughout HRSA's approval of all nine Rebate Program applications.  Defendants are left only to rely on post-hoc rationalizations in the Britton Declaration, which cannot substitute for the contemporaneous record.  Accordingly, without anything more from the administrative record, the Britton Declaration does not "merely illuminate" the reasons "implicit in the administrative record," but rather offers impermissible non-contemporaneous explanations

14

precluded from consideration. *See U.S. Dept. of Educ.*, 132 F.4th at 99 ("this newfound claim of clarity approaches the sort of 'post hoc rationalization' that we cannot allow").

Although a closer call, it stands to reason Defendants have also failed to provide a reasoned explanation for the Rebate Program, at least in regard to design components. Arbitrary and capricious review is a minimal standard, and a reviewing court is only to assess "whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Overton Park*, 401 U.S. at 416. Plaintiffs' allegations that the Rebate Program lacks "genuine justifications," Mot. at 10, seem to invite me to make a policy judgment in place of the Agency, something I cannot do. *State Farm*, 463 U.S. at 43. Defendants explain that the Rebate Program is based on resolving the deduplication problem, and it is not the provenance of the courts to second guess that determination, only to probe whether the Agency's consideration and explanation remained "within a zone of reasonableness." *Prometheus Radio Project*, 592 U.S. at 423. I agree with Defendants' explanation of my limited role regarding review of agency action, but exercising deference would be manifestly easier if there was any meaningful administrative record for me to review. It seems impossible to conclude that HRSA reasonably explained its policy change when the administrative record is entirely silent on a relevant factor—the 340B hospitals' reliance interests. And given the Agency's failure to consider significant reliance interests, I cannot say that the administrative record necessarily offers a reasonable explanation for the Defendants' establishment of the Rebate Program, though I need not wade into this at the preliminary injunction stage because Defendants' failure to address reliance interests is alone fatal to the Rebate Program.

### c.  Failure to consider relevant costs

Plaintiffs argue that Defendants ignored the costs associated with the Rebate Program, including administrative costs, the costs of paying full price for covered drugs and awaiting a rebate (sometimes referred to as "floating" costs), and other non-monetary costs.  Pls.' Mot. at 12-15.  Defendants counter they did consider these costs, citing the August 7, 2025 Federal Register Notice, their Emergency Letter to OMB, and the Britton Declaration.  Opp'n at 17-18.  Defendants aver the Agency's determination that the benefits of the Pilot Program outweigh those costs is entitled to substantial deference.  *Id.* at 18.

A regulation is arbitrary and capricious "if the agency 'failed to consider an important aspect of the problem,'" which "includes, of course, considering the costs and benefits associated with the regulation." *Mexican Gulf Fishing Co. v. U.S. Dept. of Com.*, 60 F.4th 956, 973 (5th Cir. 2023) (quoting *State Farm*, 463 U.S. at 43).  As part of its analysis, the agency must identify benefits that "bear a rational relationship to the . . . costs imposed." *Id.*  "Consideration of cost reflects the understanding that reasonable regulation ordinarily requires paying attention to the advantages and the disadvantages of agency decisions." *Michigan*, 576 U.S. at 753.

Fatal to Defendants' counterargument is their own admission that the Agency is "currently examining" administrative costs.  Opp'n at 17 n.7.  In other words, Defendants have not yet considered an important aspect of the problem, rather they are still evaluating administrative costs.  Specifically, while in its letter to OMB, the agency initially estimated $200 million in compliance costs to 340B entities, the agency is still reviewing public "comments alleging an under-estimation of administrative costs . . . and will [later] address

16

those concerns." Britton Decl. ¶ 35 (citing Paperwork Reduction Act Notice, <u>90 Fed. Reg.</u> <u>44197</u> (Sep. 12, 2025)). This failure to consider administrative costs before approving the manufacturers' applications under the Rebate Program is fatal under the APA. *Michigan*, <u>576 U.S. at 759-60</u>.

The administrative record is also silent on the cost of floating the full price of covered drugs until 340B entities receive their rebate. Defendants only response is more post hoc rationalization in the Britton Declaration that the Agency's decision to limit the scope of the Rebate Program to ten drugs and require drug manufacturers to pay rebates within ten calendar days demonstrate their consideration of the burden that will be placed on 340B entities to float upfront costs. Britton Decl. ¶¶ 5, 27-30, 34, 38, 41. Similarly, the non-monetary costs to 340B entities, including the impact these additional prices might have on their long-term viability represents another unaddressed "important aspect of the problem." *State Farm*, <u>463 U.S. at 43</u>.

Defendants' call for judicial deference on this determination rings hollow. Their bald assertion that the benefits of the Rebate Program outweigh any negative impact associated with floating the full price of covered drugs, Britton Decl. ¶¶ 34, 41, smacks of "clairvoyance" rather than the kind of "exercise in logic" deserving of judicial deference. *Fox Television Stations*, <u>556 U.S. at 521</u>. Particularly as here where financial forecasts about what costs the 340B entities can bear for a certain period is not predicated on any specialized or expert knowledge of the Agency. *FCC v. Nat'l Citizens Comm. for Broad.*, <u>436 U.S. 775, 815</u> (1978). Even supposing it were, Defendants make no argument that such a determination is within their expertise aside from the naked claim that we should

simply take their word for it.  Furthermore, any colorable argument to that effect is belied by the absence of any evidence in the administrative record about upfront costs, particularly considering the numerous public comments estimating hundreds of millions of dollars in additional costs to 340B hospitals they might struggle to pay under a rebate model.[5]  *See, e.g.*, Austin Decl. ¶¶ 13-14 (ECF No. 4); Brown Decl. ¶¶ 14, 20 (ECF No. 5); Fadale Decl. ¶¶ 14-15, 21 (ECF No. 6).

For the foregoing reasons, the administrative record's silence on Defendants' efforts to consider and reasonably explain the relevant costs associated with the Rebate Program offer independent grounds to conclude that Plaintiffs have demonstrated a likelihood of success on the merits.

### d.  Other relevant factors and pertinent aspects

Plaintiffs also assert that Defendants' failure to address public comments, less costly alternatives, and issues with the electronic database used to collect and store rebate claims data and the rebate dispute resolution mechanism also invalidate the Rebate Program. Defendants maintain they are not required to respond to public comments and that they did consider these aspects of the problem.

In establishing and implementing the Rebate Program, Defendants were not required to respond to public comments.  *Cf.* 5 U.S.C. § 553; *Perez v. Mortgage Bankers Assoc.*, 575 U.S. 92, 96 (2015).  To the extent the public comments highlighted an

---

[5] I do not mean to suggest that Defendants must weigh the burdens imposed on each and every entity that makes up the Public Health Service.  However, the fact that the "pilot" program impacts them all calls for something more than casual indifference to localized impacts.

18

important aspect of the problem, they may be evidence of an agency's failure to reasonably explain its position, which I already addressed in relation to reliance interests and costs. *State Farm*, 463 U.S. at 43. Plaintiffs' arguments concerning less costly alternatives, the dispute resolution mechanism, and the rebate database all venture into the territory of asking for a policy judgment against the Agency. *Id.* In other words, digging into these arguments likely requires policy considerations about the nature and scope of the Rebate Program and the effectiveness of some of its component parts. Considering that Plaintiffs are likely to succeed on the merits without wading into these trickier issues, my analysis of the merits stops here.

## 2. Irreparable Harm

Plaintiffs allege irreparable harm for the costs they will incur from the Rebate Program between floating the upfront costs of covered drugs (far in excess of the costs they will ultimately be responsible for), hiring additional staff to process and track rebate claims, and cutting back or altogether abandoning certain programs and services. Mot. at 16-19. Defendants contend Plaintiffs' costs associated with the Rebate Program are not irreparable because they are speculative, mitigated by the benefits they will receive from the Rebate Program, and impermissibly rely on alleged harm to third parties. Opp'n at 19-22.

Irreparable harm is "a cognizable threat" of "a substantial injury that is not accurately measurable or adequately compensable by money damages" to the movant. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996). Although it need not "be fatal to [the movant's] business," *id.* at 18, it "must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the

future may have in store." *Charlesbank Equity Fund II v. Blinds to Go, Inc.*, <u>370 F.3d 151, 162</u> (1st Ci<u>r. 2004</u>).  "The costs of complying with challenged regulations have been recognized as irreparable given the obstacles faced when suing for monetary damages." *Cal. v. Kennedy*, No. 25-12019-NMG, <u>2025 WL 2807729</u>, at *6 (D. Mass. Oct. 1, 2025) (citing *Rosario-Urdaz v. Rivera-Hernandez*, <u>350 F.3d 219, 222</u> (1st Ci<u>r. 2003))</u>.

Plaintiffs demonstrate irreparable harm.  AHA members alone estimate $400 million in compliance costs, the downstream effect causing them to cut back services and suspend partnerships with drug distributors. Mot. at 16-19; Reply at 11-12; Golder Suppl. Decl. ¶¶ 2-4; Austin Decl. ¶¶ 10-13; Brown Decl. ¶ 18; Fadale Decl. ¶ 18.  These claims are not unsubstantiated fears of what the future might hold.  Nor do Plaintiffs' speculative concerns about delayed receipt and inappropriate denial of rebates from drug manufacturers defeat the meritorious aspects of their irreparable harm claim.  Furthermore, because Plaintiffs raise an APA challenge, they cannot recover any damages for the costs incurred from the Rebate Program should it later be invalidated—a claim on which they are likely to succeed.  Accordingly, their inability to recoup those costs in this context demonstrates irreparable harm. *Kennedy*, <u>2025 WL 2807729</u>, at *6.

### 3.  Balance of Equities and Public Interest

Plaintiffs maintain that the balance of equities and public interest weigh in their favor for several reasons, including the public's interest in preserving the reach of the Public Health Service to provide critical medical services, particularly when weighed against the lack of public interest in an agency carrying out a likely unlawful action.  Mot. 19-20.  Defendants assert that there is strong public interest in implementing the Rebate

Program to address the de-duplication problem and assess the benefits of a rebate model. Opp'n at 22.

The balance of equities and public interest weigh in Plaintiffs' favor. Most importantly, a preliminary injunction would preserve the status quo and preserve the reach of 340B entities to continue serving the public's significant interest in receiving critical medical services. *See Starbucks Corp. v. McKinney*, 602 U.S. 339, 344 (2024); *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56 (1st Cir. 2005). Moreover, considering that Plaintiffs are likely to succeed on the merits of their APA claims, Defendants' arguments concerning equities and public interest in the Rebate Program are necessarily diminished. To be clear, Defendants' authority to administer a rebate model program is not in question, only the quality of the Rebate Program's current rollout effort in light of the APA.

### 4. Summation

As complicated as certain aspects of this case might seem, it boils down to a simple principle. Defendants cannot fly the plane before they build it. The Agency's failure to abide basic requirements of the APA, Plaintiffs' irreparable injury should the program go into effect, as well as the balance of equities weighing in Plaintiffs favor, all counsel against permitting the Rebate Program to take flight on January 1, 2026.[6] That, of course, is not to say that a rebate model is impermissible. Congress clearly gave Defendants that option. The problem is that the Defendants' failed to follow the APA's basic blueprint in

---

[6] April 1, 2026, for the application approved for Novartis Pharmaceuticals Corporation. *See* Opp'n at 7.

assembling the Rebate Program.  For these reasons, Defendants are preliminarily enjoined from implementing this iteration of the Rebate Program pending further order.

## C. SCOPE OF PRELIMINARY RELIEF

### 1. Preliminary Injunction

Defendants' cite *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), for the proposition that the breadth of this preliminary injunction is limited to the specific identified association members of AHA and MHA or that the remedy should be tailored only to address the irreparable harm shown by specific members of these associations.  Opp'n at 23-25.  First, *Casa* declined to "resolve[ ] the distinct question whether the [APA] authorizes federal courts to vacate federal agency action."  *CASA*, 606 U.S. at 847 n.10.  Second, the First Circuit has already rejected Defendants argument that the remedy here must be limited to the "members whom the organizations identified in seeking associational standing."  *Doe v. Trump*, 157 F.4th 36, 80 (1st Cir. 2025).

The APA authorizes federal courts to "hold unlawful and set aside agency action," 5 U.S.C. § 706(2), including by "issu[ing] all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings," *id.* § 705.  Defendants fundamentally misunderstand the nature of this 'set aside' authority, which "'empower[s] the judiciary to act directly against the challenged agency action.'"  *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 838 (2024) (KAVANAUGH, J., concurring) (quoting J. Mitchell, *The Writ-of-Erasure Fallacy*, 104 VA. L. REV. 933, 1012 (2018)).  Moreover, courts have long understood the APA to authorize vacatur and the Supreme Court has yet

to dictate otherwise. *Id.* at 839; s*ee also Assoc. of Am. Univ. v. Dept. of Defense*, No. 25-11740-BEM, 2025 WL 2899765, at *29 (D. Mass. Oct. 10, 2025) (citing cases); *Doe v. Trump*, 796 F. Supp. 3d 599, 603 (N.D. Cal. 2025) (citing cases). As a result, the preliminary injunction in this case—based in part on a finding that the government's application approvals likely violated the APA—need not be limited to Plaintiffs. Instead, the Court has authority to preliminarily set aside those agency actions comprising the Rebate Program. *See CASA*, 606 U.S. at 873 (KAVANAUGH, J., concurring) (noting that even after *CASA*, district courts may "grant or deny the functional equivalent of a universal injunction—for example, by . . . preliminarily setting aside or declining to set aside an agency rule under the APA"); 5 U.S.C. § 705.[7]

## 2. Bond Requirement

In this case, a nominal bond is appropriate. Although the APA has no bond requirement, *id.* § 705, "the district courts in this circuit have generally required a bond," *Maine v. U.S. Dept. of Agric.*, 778 F. Supp. 3d 200, 237 (D. Me. 2025). Defendants face no material loss from enjoining the implementation of the Rebate Program, Plaintiffs' lawsuit concerns the public interest, and Plaintiffs are likely to succeed on the merits of their claim. *See Crowley v. Local No. 82, Furniture & Piano Moving*, 679 F.2d 978, 999-1000 (1st Cir. 1982). Accordingly, Plaintiffs must post a bond of $1,000.[8]

---

[7] Of course, the broad latitude the APA affords courts to fashion relief does not necessarily preclude more limited remedies, including remand for further consideration by the agency consistent with a court order. *See*, *e.g.*, *State Farm*, 463 U.S. at 59.

[8] This District and other district courts within the First Circuit have similarly required a nominal bond in this amount. *See Maine*, 778 F. Supp. 3d at 238; *Nationwide Payment Sols., LLC v. Plunkett*, 697 F. Supp.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (<u>ECF No. 3</u>) is GRANTED. Defendants are enjoined from implementing the nine individual applications that comprise the 340B Model Rebate Pilot Program pending further order.  Furthermore, within seven days of the date of this order, Plaintiffs are ORDERED to provide security in the amount of $1,000.

SO ORDERED.

/s/ Lance E. Walker
Chief U.S. District Judge

Dated this 29th day of December, 2025.

---

2d 165, 173 (D. Me. 2010); *Nw. Selecta, Inc. v. Sec'y of the Dep't Agric. of P.R.*, No. 22-1092-RAM, <u>2022 WL 17985926</u>, at *7 (D.P.R. Dec. 29, 2022). I see no reason to depart from this precedent.