## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

AMERICAN HOSPITAL ASSOCIATION, *et al.*,

Plaintiffs-Appellees,

v.

ROBERT F. KENNEDY, JR., *Secretary of the US Department of Health and Human Services*, *et al.*,

Defendants-Appellants.

No. 25-2236

## CONSENT MOTION TO EXTEND DEADLINE TO PROPOSE EXPEDITED BRIEFING SCHEDULE

The government respectfully moves this Court to extend the deadline to propose an expedited briefing schedule by 30 days.

1. On January 7, 2026, this Court denied the government's motion for stay pending appeal and directed the parties to propose an expedited briefing schedule to resolve this appeal on the merits. *American Hosp. Ass'n v. Kennedy*, No. 25-2236, 2026 WL 49499, at *6 (1st Cir. Jan. 7, 2026). In response, the government filed a letter explaining that the parties intended to dismiss this appeal "in short order" and thus "do not believe that expediting this appeal is warranted at this time." Letter 1 (Jan. 12, 2026). This Court

construed that letter as a motion seeking an extension of time to propose an expedited briefing schedule and set a new deadline of 5:00 p.m. on January 20. Order 1 (Jan. 12, 2026). The Court also directed that "[i]n the event the parties are not prepared to file an expedited-briefing proposal at that time, they should file, before expiration of the deadline, a motion seeking an extension of specific duration and, in any such motion, should update the court on relevant developments." *Id.*

2. On January 16, the government filed a motion to dismiss this appeal. *See* Fed. R. App. P. 42(b)(2). Plaintiffs-appellees consented to voluntary dismissal, and proposed intervenors took no position on the motion. That motion remains pending.

3. Good cause exists to extend the deadline to propose an expedited briefing schedule. The government moved to voluntarily dismiss its own appeal. Given that plaintiffs-appellants have consented to voluntary dismissal and that all parties are content to return proceedings to the agency as suggested by the district court, *see* Dkt. 96 at 3, there is no reason for this Court not to promptly grant the motion to dismiss. In these circumstances, preparing expedited merits briefs for an appeal that will never be heard will only waste the parties' resources. Therefore, this Court should postpone the parties' obligations to propose an expedited briefing schedule until after it has resolved the pending motion to dismiss.

4. The court directed that any motion to extend the deadline to propose an expedited briefing schedule be for a "specific duration." Therefore, the government moves to extend the deadline to propose an expedited briefing schedule by 30 days.

5. The government has consulted with counsel for plaintiffs-appellees, who consent to the extension sought in this motion.

Respectfully submitted,

MICHAEL S. RAAB

/s/ *Maxwell A. Baldi*

MAXWELL A. BALDI
   Attorneys, Appellate Staff
   Civil Division, Room 7513
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530
   (202) 532-0211
   maxwell.baldi@usdoj.gov

January 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 399 words.  This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond EB 14-point font, a proportionally spaced typeface.

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI